DANIEL BRANNIN *v.* SMITH & ROWLAND, Partners, etc.

(No. 8,096.)

1. A surety may, in a proper case, on behalf of the creditor sustain an attachment against the principal debtor for a debt past due, on the ground of non-residence.
2. A surety can not, in his own behalf, by reason of fraudulent misrepresentations made to him by his principal, sustain an attachment against his principal, issued on the ground of non-residence, to enforce the payment of claims either due or not due in the hands of third parties.
3. Under sections 500 and 501 of the code, although a surety might frame his action either for specific relief, or to recover, for the benefit of the creditor, the money demand, for which the surety is liable (in which latter case the creditor ought to be a party), yet he can not, under section 502, when proceeding for specific relief, obtain an order of attachment by reason of the non-residence of the defendant.
4. The code can not, properly, be so construed as to place the surety in a better position than the creditor himself, for obtaining provisional remedies to secure the payment of a debt, when, therefore, the debt is not due, the surety, as well as the creditor, is restricted to the grounds for attachment applicable to such a case, stated in section 230 of the code.

D. Brannin *v.* Smith & Rowland, Partners, etc.

GENERAL TERM.—Reserved on motion to dismiss an attachment.

The plaintiff, at the request of the defendants, and solely for their accommodation, became surety and indorser on certain bills of exchange and promissory notes. Of these a part had become due before the commencement of the action, and the others had not. Both those due and those not due were held by third persons, none of whom were made parties in the action.

The petition is not divided into distinct causes of action, one to compel a discharge of the debts or liabilities which were due, and one to obtain indemnity for those not due, but proceeds with that twofold view. As a part of the cause of action in the latter view, the petition contains a statement that the plaintiff was induced to become surety by a false and fraudulent representation as to the solvency of the defendants; and, also, a statement that the defendants are not residents of this State. The relief asked is that the defendants may be required "to discharge the plaintiff from his liability on the obligations which are now due, and to indemnify him from those which are not yet due, and to grant him such further relief as may be just and equitable."

In the summons issued in this case, the action is regarded as one "for specific and general relief" being so indorsed and mentioning no demand for money. But a precipe was filed by the attorneys for the issue of an order of attachment, in which it is stated that the amount sworn to was $15,450, and at the same time an affidavit is filed with a view to the issuing of an order of attachment by the clerk, and without the order of a judge.

The affidavit was made by an agent, the plaintiff himself being a non-resident of the State. It states, in detail, the bills and notes upon which the plaintiff was liable as surety and indorser, as in the petition, with a preface that the claim of the plaintiff is to be discharged from, or indemnified against, such liabilities as surety, and then proceeds: "The affiant

says that this claim is just; the amount which the affiant believes the plaintiff should be indemnified for and discharged from, is fifteen thousand four hundred and fifty dollars; that the defendant fraudulently incurred the obligation for which this suit is brought in this, that at the 'time the plaintiff became surety on each of said obligations, the defendants to induce the plaintiff to become such surety, represented themselves to the plaintiff to be in solvent circumstances, whereas the defendants at the time that such representations were made, and at the time plaintiff became such surety, were not solvent, but were and are now embarrassed in their circumstances, and unable to meet their engagements as they become due; that the defendants are not residents of this State."

Upon this affidavit, and without requiring any undertaking from the plaintiff, an order of attachment was issued by the clerk, with an indorsement that the amount sworn to was $15,450. This attachment having been levied on property of the defendants, a motion to discharge was made, upon the grounds that neither the petition nor affidavit were sufficient to warrant the issuing the order of attachment; that there was no legal ground for an attachment when the order was issued; and that the order of attachment was improperly issued without an "undertaking," having been filed by the plaintiff.

There were answers and affidavits as to the allegation of fraud, which was denied by the defendants. And the motion was reserved for the decision of the court in general term.

*Tilden, Rairden & Curwen,* for plaintiff.

*S. J. Thompson,* for defendants.

GHOLSON, J., delivered the opinion of the court.

The decision of the motion made in this case, to discharge the order of attachment, depends upon the construction to

be given in certain particulars, to sections 500, 501 and 502 of the code. These sections are as follows:

Sec. 500. "A surety may maintain an action against his principal, to compel him to discharge the debt or liability for which the surety is bound, after the same has become due.

Sec. 501. "A surety may maintain an action against his principal, to obtain indemnity against the debt or liability for which he is bound, before it is due, whenever any of the grounds exist upon which, by the provisions of this code, an order may be made for arrest and bail, or for an attachment.

Sec. 502. "In such action the surety may obtain any of the provisional remedies mentioned in title eight, upon the grounds, and in the manner therein described."

It is obvious that these sections provide for two quite distinct classes of cases: One in which the debt or liability has become due, and one in which the debt or liability has not become due. In the former the remedy provided, and the object of the action is to compel the principal to discharge the debt or liability for which the surety is bound; in the latter, to obtain indemnity for the surety against the debt or liability for which he is bound. In the former, to enable the plaintiff to proceed, is required the relation of principal and surety, and the fact that the debt or liability has become due and is unpaid. To give relief by a discharge of the debt or liability, it would appear to be necessary that such debt or liability, or the party representing it, should in some form be brought within the jurisdiction of the court. In a proceeding to obtain indemnity against a debt or liability which has not become due, not only the relation of principal and surety must appear, but it must be shown as a part of the cause of action, that some one of the grounds exist upon which, by the provisions of the code, an order may be made for arrest and bail, or for an attachment.

It will be observed that, in section 502, the same phraseology is not used. The plaintiff in such action may obtain any of the provisional remedies mentioned in title eight of

the code, upon the grounds and in the manner therein described. There are other provisional remedies mentioned in title eight besides orders for arrest and bail, and for an attachment. But none of these remedies are to be obtained, except upon the grounds and in the manner described in title eight, under the head of the remedies, respectively, viz: "Arrest and bail," "replevin of property," which is divided into two articles—1. "Attachment." 2. "Attachments in certain actions," "injunction," "receivers and other provisional remedies." A surety, having a right of action, as provided in sections 500 and 501, may obtain any of those provisional remedies, not generally and absolutely, but only on showing such grounds, and by proceeding in such manner as the very nature of the remedies and the provisions of the code show to be requisite. It has been said of a precisely similar section in the Kentucky code, that, as it " does not state explicitly how the order of attachment shall be made in a case of this kind, the question has to be determined by analogy." *Scott* v. *Doneghy*, 17 B. Monroe, 321–324.

There are two positions in which a surety, proceeding either under section 500 or section 501, may be supposed to occupy; one as the representative of the creditor, and taking such steps as the creditor might properly take, to enforce payment for a debt due, or secure the payment of one not due, (and, in this view, as before remarked, the creditor should be before the court). The other, as proceeding, on his own behalf, specifically to compel a discharge of the debt or liability, or to obtain indemnity in some form against the debt or liability. It is very clear that the application of the different grounds for an attachment will very much depend upon the consideration, whether a surety is to be deemed to occupy one or the other of these positions.

There are strong grounds to suppose that, as to a proceeding under section 500, he should be deemed to occupy the former, which do not apply with the same force to a proceeding under section 501. It is well known that a remedy

existed by which a surety might, in certain cases, by a notice, require his creditor to bring an action for the recovery of his debt or demand. If section 500 takes the place of this then it would be entirely proper, the creditor being a party to the proceeding and entitled to receive the amount, (for whether plaintiff or defendant would now make no difference), to allow the surety any provisional remedy, to which the creditor himself, were he prosecuting the action, would be entitled; and so, under section 501, if the surety proposed to avail himself of the right secured by the code to a creditor under article 2 of the head of "attachments," he might proceed as for a debt not due. Such seems to have been the opinion of the court in Kentucky in the case before cited. But the remedy, under section 501 would hardly be restricted to such a case, and there might be cases in which the surety would require for his protection an independent position.

It may well be that he would be allowed to occupy one or the other as the nature of his case, and the provisions of the code as to provisional remedies, might require and permit. He might in one case obtain indemnity by representing the creditor in an action for a debt not due, and, in another, be entitled as an independent suitor to the remedy of an injunction or a receiver; and it would not be safe to confine, by any general rules, proceeding under section 500 to those debts and liabilities which are in the nature of money demands; even that section may require something in the nature of specific relief, as the delivery of property, for the return of which, at a definite period, a party has become liable.

It is a matter for a plaintiff to determine, whether, in asserting a claim, he shall take one or the other of two positions, which may be open to him, and whether that position can be made good, will usually depend upon the final decision of the case. But in the use of the provisional remedies, a defendant has a right to claim that those only applicable to one position shall not be applied to another; he has a right to require that a plaintiff shall be consistent. If a remedy, according to the manner in which it must be used, is

inconsistent with the position taken by the plaintiff, then it can not be deemed a proper remedy.

To dispose of the motion to discharge the attachment, in view of the remarks already made, it is necessary to divide the case made by the plaintiff. Taking, first, that part of the case which seeks indemnity against liabilities not yet due, it is subject to several serious objections, whatever position the plaintiff may occupy. If he be regarded as representing the creditors, not to speak of their not being parties and other formal objections, he must be subject to like restrictions, as the creditors would be, were they proceeding for a debt not due. If so, the plaintiff fails, because he has no order of a judge, and because neither of the grounds he has stated apply in such a case. If he be regarded as proceeding independently for specific relief, then a resort to a remedy only framed and intended, as all the provisions show, for a money demand, would be inconsistent with his position. The affidavit which has been made would have to be understood in a double sense.

There is another view in which, considered as a demand personal to the plaintiff, and independent of a representation of the creditors, the remedy by attachment as pursued in this case can not be sustained. The ground upon which the attachment issued was the non-residence of the defendants. As to that ground of attachment there is a restriction that it shall not apply to any claim other than "a debt or demand arising upon contract, judgment or decree." The claim of the plaintiff for specific relief, derived from a provision of the statute and substantially depending as to the mode of relief upon the acts and conduct of the defendants, after the liability was incurred, can scarcely be regarded as a debt or demand arising upon contract. It would be unjust and inconvenient so to construe the statute. It would, very probably, enable, not only our own citizens, but those of other States, to make our courts, and their process, a means of vexation and oppression.

It is difficult to suppose that the legislature intended to

place the surety for a debt not due in a more favorable position for securing the payment of the debt, than the creditor. Unless this can be shown, the case of the plaintiff as to that class of debts must fail. After a careful comparison of the general language in the sections which have been cited with the specific provisions under the head of attachment, we see no reason to attribute any such intention.

As to that part of the plaintiff's case which seeks to compel a discharge of debts and liabilities which had become due at the time of the commencement of the action, there is more difficulty. Taking the simple case of a debt due and unpaid, from a liability for which a surety seeks to be discharged, we are not prepared to say that an action may not be so framed as to be substantially a proceeding of the creditor carried on by the surety to enforce payment, and that in such an action an attachment might not be obtained upon the ground of non-residence. The law may very probably intend that in such case, where the creditor could himself attach property to secure the debt, so may the surety. It would be an application by analogy of the well known principle of subrogation. But the present action is not framed with that view; it looks to the relief, in some specific form, of the surety. The affidavit has reference to a claim only of the surety. Now, the surety has clearly no demand for money only founded upon any contract, and the same objection, before stated as to proceeding upon the ground of non-residence, applies.

The whole frame of the action, and of the affidavit, also, forbids a resort to the idea urged in the argument, that there was a contract for an indemnity, as shown by the affidavits in this case. Even if such a contract were clearly shown, it would, in the first place, be a new case, as the frame of the action is very clearly under the statute; and, in the next place, if the new case were substituted, it would be in the nature of a demand for specific relief, and not a proper case to authorize an attachment upon the ground of non-residence.

We think the motion to discharge the order of attachment must be sustained.

·Remanded to dismiss attachment.